UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMEE L. WADE,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF FRUITLAND, CITY OF FRUITLAND POLICE DEPARTMENT, AND OFFICER BILL COPELAND, CITY OF FRUITLAND POLICE DEPARTMENT,<br><br>               Defendants. | Case No. 1:12-cv-00465-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Canyon County Prosecuting Attorney's Office, which is not a party to this action, filed a motion to quash a subpoena duces tecum served upon it by Plaintiff Jamee Wade under Fed. R. Civ. P. 45. Wade's complaint alleges Fruitland police officer Bill Copeland used excessive force when Copeland shot Wade on December 22, 2011. The

**MEMORANDUM DECISION AND ORDER - 1**

subpoena seeks documents in Canyon County's possession that Canyon County received and compiled during its investigation of the officer involved shooting.

Canyon County argues the subpoena should be quashed for three reasons. First, compliance with the subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies. Second, the materials sought are the subject of pending litigation before the Idaho Supreme Court. And third, compliance would subject Canyon County to undue burden considering the officer involved shooting is still under investigation, and Wade has not yet been criminally charged. Wade argues that Canyon County waived its right to object because its objection was untimely. In the alternative, Wade contends that the subpoena does not impose an undue burden, and that most of the records have already been produced. Both parties seek an award of attorney fees for having to file or respond to the motion.[1]

## BACKGROUND

On December 22, 2011, Officer Copeland shot Wade during a confrontation with officers called to the scene of a reported domestic disturbance. Canyon County later was assigned the task of investigating the officer involved shooting, and received from the Payette County Prosecutor's Office the complete investigative file compiled regarding the shooting incident. Wade first asked the Payette County Prosecutor to turn over its investigative file, but the request was denied and he was informed that, upon completion of the Idaho State Police investigation, all materials were forwarded to Canyon County

---

[1] Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 2**

for review. Wade submitted a public records request on March 22, 2012, to Canyon County, seeking the complete investigative file Payette had turned over to Canyon County, as well as any investigative file on the shooting incident compiled by the Idaho State Police and Fruitland. Canyon County denied the public records request, citing its pending investigation.

Wade filed an action seeking review of Canyon County's denial of his public records request in state court on April 19, 2012. On June 5, 2012, the court granted Wade's petition, and ordered Canyon County to make the records public and provide them to Wade. In its memorandum decision and order, the court described the investigation file possessed by Canyon County as including documents in three white binders. Two of the binders contained Wade's medical records. The third binder contained police reports; interviews with witnesses, the alleged victim, and the officer involved; 911 audio recordings, dispatch reports, photographs, and a video of the shooting.[2] Important to the court's decision was Wade's inability to pursue his tort claim unless given access to the requested documents, and that Canyon County had yet to make any charging decision despite no on-going investigative activity since January 19, 2012. The court rejected Canyon County's argument that disclosure would interfere with enforcement proceedings or deprive a person of a right to a fair trial, because Canyon County had not presented sufficient evidence. Instead, Canyon County argued there was

---

[2] The parties referenced the procedural history of the state district court proceedings, but did not provide copies of the court's written opinions to this Court. The Court obtained complete copies of the state district court's written opinions from Judge Ryan's law clerk, and has appended them to this Order. The Court takes judicial notice of the state district court's orders under Fed. R. Evid. 201.

**MEMORANDUM DECISION AND ORDER - 3**

only a "possibility" that disclosure would taint Wade's testimony or interfere with enforcement proceedings.

On June 29, 2012, the court amended its order to limit the disclosure of the records to Wade and his attorney, rather than to the public. The court further ordered that the documents could not be disclosed outside either the pending tort claim or in any later civil litigation that may result from the tort claim.

On July 16, 2012, Canyon County appealed the court's decision, and the Idaho Supreme Court has not issued a decision. On July 20, 2012, the state district court ordered that its June 29, 2012 memorandum decision and order would be stayed pending the outcome of the appeal. Meanwhile, Wade filed his civil rights complaint in this Court on September 11, 2012. Wade served the subpoena upon Canyon County on November 7, 2012. Canyon County Prosecutor Michael Porter personally accepted service of the subpoena.

The subpoena not only sought the three files requested of Canyon in the earlier public records request---Fruitland's, Payette's, and the Idaho State Police's investigative files---but also the complete investigative file Canyon County compiled. When Wade's counsel did not receive a response by the November 20, 2012 deadline set forth in the subpoena, counsel called and spoke to Mr. Porter on December 4, 2012, about the lack of response. Mr. Porter informed Plaintiff's counsel he had not seen the subpoena, and it had not been addressed due to administrative mishandling by the Canyon County Prosecutor's office. Wade's counsel e-mailed another copy, and upon review, Mr. Porter filed the motion to quash in this Court on December 6, 2012.

**MEMORANDUM DECISION AND ORDER - 4**

On December 11, 2012, Fruitland produced its reports and records of the December 22, 2011 shooting incident, in response to Plaintiff's requests for production asking for the investigative files compiled by Fruitland, Payette, and the Idaho State Police. Fruitland identified that it produced two binders of Wade's medical records, and one binder containing reports and recordings from the Idaho State Police investigation. The three requests for production were identical to the March 22, 2012 public records request for the same investigative files, and identical to three of the four requests made in the November 7, 2012 subpoena at issue here.

## DISPOSITION

Under Rule 45(a), Wade may seek a subpoena commanding a third party, such as Canyon County, to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A person commanded to produce and permit inspection "may," either before the time specified for compliance or within fourteen days after service of the subpoena, whichever is earlier, serve a written objection on the party or attorney requesting the information. Fed. R. Civ. P. 45(c)(2)(B). "On timely motion, the issuing court must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).

Rule 26(c) also authorizes the Court to issue a protective order "for good cause" to protect a party or any person from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must

**MEMORANDUM DECISION AND ORDER - 5**

demonstrate that "good cause" exists for the protection of that evidence. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir.2004). "Good cause" is established where it is specifically demonstrated that disclosure will cause a "specific prejudice or harm." *Rivera*, 384 F.3d at 827. But "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Rivera*, 384 F.3d at 827 (quoting *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir.2002)).

A non-party's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived. *DG Creditor Corp. v. Dabah* (*In re DG Acquisition Corp.*), 151 F.3d 75, 81 (2nd Cir. 1998); *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990). However, "'[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena].'" *Am. Electric Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D.Oh.1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996)). Courts have found unusual circumstances where, for instance, the subpoena is overbroad on its face, exceeds the bounds of fair discovery, or the subpoenaed witness is a non-party acting in good faith. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).

Here, it is undisputed that Canyon County failed to make timely objections to the Rule 45 subpoena. The Court does not find good cause under the circumstances here. The subpoena is not overbroad, and other than Canyon County's own file, seeks the same three binders previously identified by Payette and Fruitland as comprising their

**MEMORANDUM DECISION AND ORDER - 6**

investigative files. Mr. Porter has been assigned to the matter since its inception. He personally received the subpoena served upon Canyon County. And, the information is relevant for Wade to pursue his tort claim against Fruitland, therefore coming within the bounds of fair discovery.

Canyon County argues, however, that its motion under Rule 45(c)(3) was timely, because there is no specific time limitation for filing a motion to quash. Therefore, Canyon County argues the Court may consider its objections. The Court does not find Canyon County's argument that its motion was otherwise timely to be persuasive.[3] However, the Court has wide discretion in discovery matters, and considers the implication of its ruling upon the state court proceedings important such that it should consider the merits of Canyon County's arguments. *See McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (Court has discretion under Rule 26(c) to grant a protective order for good cause shown, and may sua sponte grant the same, even absent timely objection to Rule 45 subpoena); *see also DG Creditor Corp.*,151 F.3d at 81 (finding that the trial court possesses wide discretion on discovery matters and where a constitutional privilege is involved, had the discretion not to find waiver).

Canyon contends that requiring a response to the subpoena constitutes an undue burden because of the pending appeal and the stay of the state district court's order. In addition, Canyon County asserts, as it did before the state district court, that the material

---

[3] Rule 45 distinguishes between objections to the subpoena, and the filing of a motion to quash. A person must serve objections under Rule 45(c)(2)(B) to the party designated in the subpoena, and later may file a "timely motion" with the Court to either quash or modify the subpoena under Rule 45(c)(3). *See In re DG Acquisition Corp.*, 151 F.3d at 81 (explaining that at minimum, a party must assert any privileges within the fourteen day time period, and may submit a full privilege log within a reasonable amount of time or seek an extension from the court).

**MEMORANDUM DECISION AND ORDER - 7**

is privileged because it requires disclosure of investigatory records compiled for law enforcement purposes. Wade does not address the impact of a court order requiring compliance with the subpoena upon the pending appeal. Instead, although he acknowledges that Fruitland produced three binders during discovery in this matter, Wade wants Canyon County to produce its version of the documents received from Payette so Wade can compare them to what he was given in discovery by Fruitland. Wade wants also to review Canyon County's investigative file, to the extent Canyon County conducted further investigation after it received the three binders from Payette. Thus, there are four binders potentially in Canyon County's possession---the three it received from Payette, and whatever information it added to the materials during its own investigation.

The problem with the parties' arguments in the context of this matter is that they fail to appreciate important subtleties that influence the Court's analysis, such as the state court proceedings and the facts as set forth in Judge Ryan's opinion and here.  On February 14, 2012, Payette transmitted three binders to Canyon County. These three binders comprised the documents sought by the public records request, and constituted documents responsive to the requests for the Idaho State Police, Payette, and Fruitland investigative files. Judge Ryan identified and examined the three binders that were then in Canyon County's possession.  One binder contained the reports and recordings from the Idaho State Police investigation, and the other two binders contained Wade's medical records. These same three binders ostensibly were produced by Fruitland during discovery in this matter. (Dkt. 24-4 at 12.)

**MEMORANDUM DECISION AND ORDER - 8**

Judge Ryan explained that requiring Canyon County to turn over the records would enable Wade to pursue his tort claim against Fruitland. Wade was, at that time, unable to obtain the investigative files from Payette or any other entity. But Wade now has the three binders he initially sought from Payette and later from Canyon County, because Fruitland provided them to him. Wade therefore has the ability to pursue his tort claim now that he has the complete investigative file from Fruitland.[4] Judge Ryan's reason for ordering production has been fulfilled.

These facts undermine Canyon County's arguments that the three binders it objected to producing are privileged, and that ordering production would moot the case before the Idaho Supreme Court. Judge Ryan rejected Canyon County's identical privilege argument, finding that there was no active investigative activity since January 19, 2012, and the mere "possibility" of interference was insufficient justification for Canyon County's refusal to provide access to the files. Canyon County continues to assert the matter is "under investigation," but fails to provide this Court with evidence of any ongoing investigation that occurred after January 19, 2012, other than the prosecutor's statement to that effect. After more than one year, there has been no outcome of the investigation. Based upon the facts before it, the Court sees no reason to deviate from Judge Ryan's conclusion that Canyon County failed to justify its assertion of investigative privilege under the public records act.[5]

---

[4] Fruitland responded in discovery that neither Payette nor the Idaho State Police prepared another investigative file, and represented that the three binders Fruitland produced were the only documents responsive to the discovery requests.

[5] Canyon County did not provide the Court with a privilege log.

**MEMORANDUM DECISION AND ORDER - 9**

And, the cat is now out of the bag. Wade has the three binders. Fruitland did not object to producing the binders on the grounds of privilege. Thus, any mootness argument is potentially eviscerated. This Court need not order compliance with the subpoena to generate a mootness argument. The production of the three binders during discovery in this matter, a possibility Canyon County advocated for during the proceedings before Judge Ryan,[6] has occurred. Wade could therefore deem the issue moot in a practical sense based upon receipt of the binders in discovery. Rather, the Court views the issue as larger than a mootness argument. Judge Ryan, although ordering Canyon County to turn over the records, issued a stay of that order pending appeal. If this Court ordered compliance with the Rule 45 subpoena with respect to the three binders, it would nullify Judge Ryan's order and allow Wade to circumvent the stay.

In response, Wade contends he has the right to compare Canyon County's version of the documents to the documents Fruitland provided him. But Canyon County has not yet made any decision to prosecute Wade or Officer Copeland. That fact is important. Absent any charges brought against Wade or Officer Copeland, the Court fails to see either the relevance or necessity of a side-by-side comparison of the three binders Payette transmitted to Canyon County with the three binders Wade received from Fruitland during discovery. By all accounts, the three binders presumably are identical. There are no allegations of spoliation of evidence, or evidence tampering. Absent such allegations, the Court has confidence that the Payette County Prosecutor's office transmitted to

---

[6] In the state court proceedings, Canyon County argued that the proper course for obtaining the records was through discovery in a civil case, such as this case. (Dkt. 24-1 at 19.)

**MEMORANDUM DECISION AND ORDER - 10**

Canyon County identical copies of the same three binders Wade received from Fruitland in discovery in this case.

Had Canyon County made a final charging decision, the Court's analysis might be different. In that case, it may be important to compare the evidence Canyon County relied upon against the documents Fruitland provided to Wade in discovery. Theoretically, depending upon what was or was not given to Canyon County, the basis for Canyon County's charging decision could be relevant to the civil rights claims asserted against Fruitland in this case. But absent any final decision or completed investigation by Canyon County, the Court fails to see how a comparison of the three binders Canyon County has with the three binders Wade received from Fruitland would be relevant to the pending tort claims against Fruitland, at least at this time.

Subpoena request numbers one, two and three, ostensibly seeking the same three binders Wade now has in his possession via discovery, will be quashed. But, the analysis above has no application to the "fourth" binder. The public records request did not ask for Canyon County's investigative file, but the Rule 45 subpoena did. This fourth binder, to the extent it exists, would be comprised of whatever Canyon County <u>added</u> to the investigation and which is responsive to the subpoena request. This request was not before the state district court, and is not encompassed by the appeal to the Idaho Supreme Court. Not only did Canyon County fail to appreciate this distinction, it offered no argument in its brief concerning an applicable privilege protecting disclosure of this fourth binder. Canyon County did not identify documents responsive to this fourth category of documents, nor has it offered a privilege log to this Court. Accordingly, by

**MEMORANDUM DECISION AND ORDER - 11**

failing to timely serve objections to the subpoena, or raise any additional claims in its brief, any claims of privilege as they apply to the fourth binder are waived.

Therefore, to the extent any documents comprising a fourth binder exist and are responsive to request number four of the Rule 45 subpoena, the Court orders Canyon County to produce them to Wade and denies Canyon County's motion to quash. The disclosure will be limited to Wade and his legal counsel, and may not be disclosed or utilized outside of the litigation in this matter.

## CONCLUSION

Based upon the Court's analysis above, the Court will grant Canyon County's motion to quash the subpoena corresponding to items one, two, and three of the subpoena. However, the Court will deny the motion as it pertains to item number four of the subpoena. Disclosure of responsive documents, if any, will be limited to Wade and his legal counsel, and may not be disclosed or utilized outside of the litigation in this matter.

Both parties requested attorney fees and costs for having to file or respond to the motion, as the case may be. But, in light of the Court's distinction between the four requests, or binders, the Court does not view Wade's subpoena or his opposition to the motion as one worthy of discovery sanctions in the form of fees awardable to either party. *See* Fed. R. Civ. P. 26(c)(3) (authorizing an award of expenses under Rule 37(a)(5)).

**MEMORANDUM DECISION AND ORDER - 12**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that the** Canyon County Prosecuting Attorney's Office Motion to Quash (Dkt.20) is **GRANTED in part and DENIED** in part.

Dated: **January 14, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**